UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  NO. 2:17-CR-2-PPS |
| | ) |
| BRYANT LOVE, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Bryant Love is in custody at the Metropolitan Correctional Center (MCC) in Chicago, Illinois, pending his sentencing, which is set for June 15, 2020. He has tested positive for COVID-19; however, he is asymptomatic. Now before me is his Emergency Motion Requesting Immediate Release on Bond Pending Sentencing Hearing, filed by his counsel. [DE 135.] The government filed a brief opposing the motion [DE 137] as well as filed under seal medical records for Bryant from the MCC and an affidavit of Zaida Ndife, Health Services Administrator at MCC [DE 138, 140]. Love also filed a motion to supplement and submitted a letter from Southeastern Medical Centers. [DE 141.] I attempted to hold a video conference hearing on May 14, 2020, but the MCC failed to produce Love. Love then requested another hearing, and consented to it being a telephonic hearing, stating he did not need to appear via video teleconferencing. [DE 145 at 1.] On May 27, 2020, I held a telephonic conference at which counsel for the government, Love's counsel, and Love himself participated.

I will first review the procedural background. The indictment filed January 19, 2017, charged Love with two counts of distributing cocaine base and one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). [DE 11.] At the initial detention hearing before Magistrate John E. Martin on January 26, 2017, Judge Martin ordered Love to be held without bond pending trial. [DE 15.] At a subsequent contested hearing before Judge Martin on September 4, 2018, Judge Martin denied Love's oral motion for release pending trial and again ordered him to be held without bond pending trial. [DE 81, 82.] Following my denial of Love's motion to suppress, on February 7, 2019, Love pleaded guilty to Counts 1-4 of the indictment without the benefit of a plea agreement. Love filed his emergency motion on May 4, 2020, seeking a release from custody on bond pending sentencing and to permit him to remain on bond on home confinement due to COVID-19. [DE 135.] Love tested positive for the virus on May 1, 2020, but has had no fever, cough, shortness of breath, or any other symptoms at all. [DE 140.] Following 14 days of being in quarantine, Love was returned back to the general population on May 13, 2020.

The parties agree that because Love has already entered a plea of guilty and is awaiting sentencing, 18 U.S.C. Section §3145(c) applies. Section 3145(c) provides that a defendant like Love subject to detention under §3143(a)(2), who can show by clear and convincing evidence that he is not likely to flee or pose a danger, can be released under appropriate conditions "if it is clearly shown that there are exceptional reasons why

such person's detention would not be appropriate." 18 U.S.C. § 3145(c).  Turning to this case, Love can be released only if he shows, by clear and convincing evidence, that he is unlikely to flee or pose a danger to the safety of any other person or the community if released. And because he has already pleaded guilty, he must also demonstrate that there are "exceptional reasons" why his continued detention is inappropriate, under the standard of §3145(c).  While I am sympathetic to Love's situation, he has not shown all of these requirements.

     First, Love remains a flight risk and danger to the community.  Love is currently 44 years old and has been involved in the legal system for 2/3 of his life.  [PSR, DE 115, at 3, 7-12.]  He possessed cocaine at 14, alcohol at 16, and a gun at age 17.  [DE 115, ¶¶ 30-32.]  He has prior felony convictions for armed robbery, possession of cocaine, federal distribution of crack cocaine, and battery resulting in bodily injury.  [DE 115, ¶¶ 33-42.]  Love has several pending misdemeanor cases as well as felony charges including aggravated battery, criminal confinement, battery by means of a deadly weapon, battery resulting in serious bodily injury, and strangulation.  [DE 115, ¶¶ 47-49, 50.]  Love also has two pending possession of cocaine cases.  [DE 115, ¶¶ 51-52.]  Between the years of 1997 through 2011, Love has a history of nine other arrests.  [DE 115, ¶¶ 53-61.]  In this case, Love twice sold crack cocaine to a confidential source in December 2016.  [DE 115, ¶¶ 5, 7.]  Law enforcement officers executed a search warrant at Love's East Chicago residence and found crack cocaine, drug paraphernalia, and two firearms.  [DE 115, ¶¶ 10-11.]

3

The government, as well as the recommendation in the PSR, has urged that Love is an Armed Career Criminal, which would result in a mandatory minimum 15 year sentence and a guideline imprisonment range of 188-235 months. [DE 115, ¶¶ 12, 85.] I should note that Love disputes that two of his prior felonies qualify for ACC purposes, and I held a hearing on these issues and the parties have briefed the relevant issues, but I have not yet made any determination as to whether Love qualifies as an Armed Career Criminal. [DE 122, 124, 125.] Regardless of whether Love qualifies as an Armed Career Criminal, he is facing a significant amount of time in jail. Looking at the number of cases pending in state court, including serious felony offenses, as well as Love's failure to follow the courts' instructions in the past as indicated by his violations of parole, supervised release, and probation [DE 115, ¶¶ 36-37, 39], I believe Love remains a flight risk and danger to the community.

Love alleges that his pre-existing medical condition of "neck, back, spine and neurological issues as a result of a motor vehicle accident that occurred in 2014 . . . [and] high blood pressure" place him "seriously at-risk for . . . suffering serious complications from COVID-19." [DE 135 at 3-4.] He submitted a letter from Southeastern Medical Centers which states that due to Love's ongoing history of spinal compression and neurological problems, as well as his ongoing history of hypertension and pancreatitis, plus factoring in his age and ethnicity, he is "highly a risk of having complications if he were to contract the Co-Vid 19 virus." [DE 141-1.] Yet Love testified positive for the virus on May 1, 2020, and has not suffered any symptoms at all - indeed, he is

asymptomatic. [DE 140.] Love has not suggested that he needed any medical treatment that the MCC has not been able to provide. They seem to be monitoring his temperature and checking him daily, and Love has not complained of any symptoms. [*Id.*] Although Love's attorney argued during the hearing that the test result could be a false positive, this is mere speculation. Because Love hasn't shown any symptoms, I can't conclude that Love would be safer by a transfer to home confinement. *See United States v. Davis*, No. 06-20020-002, 2020 WL 2395977, at *2 (C.D. Ill. May 12, 2020) (denying motion for compassionate release and finding argument that prisoner's health conditions make him more susceptible to the disease moot because defendant contracted COVID-19 and was asymptomatic).

Love has not proposed conditions of release that satisfactorily neutralize the danger to others if he is released. He has not proposed specifics of where he would reside if I released him on home confinement. Because Love has tested positive for COVID-19, he might be a risk to others in society if he was released pending bond.

I am not persuaded that Love has demonstrated exceptional reasons that his continued detention is inappropriate. His sentencing is set in a few weeks and because he is currently asymptomatic and not experiencing symptoms or pain, there is no reason to allow him to be released on bond. Love's emphasis on possible dangers as opposed to present conditions does not meet the high threshold of §3145(c).

For all these reasons, while I am sympathetic to Love and others who are experiencing hardship due to being incarcerated during this COVID pandemic, I

conclude that Love has not demonstrated a basis for his release, whether temporarily or until the sentencing occurs.

I recognize that we are sailing on uncharted waters right now. Matters change rapidly; there are new developments that occur on nearly a daily basis. Therefore, it should go without saying that this order, like all orders, is subject to reconsideration should there be a substantive change in the facts. But for now, based on the information presently before me, Love must remain detained.

ACCORDINGLY:

Love's Emergency Motion Requesting Immediate Release on Bond Pending Sentencing Hearing [DE 135] is DENIED.

SO ORDERED.

ENTERED: May 28, 2020.

                                        /s/ Philip P. Simon
                                        PHILIP P. SIMON, JUDGE
                                        UNITED STATES DISTRICT COURT