UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BRYANT LOVE, )<br>)<br>    Movant, )<br>)   NO. 2:17CR2-PPS<br>v. )   (Associated Civil No. 2:23CV149-PPS)<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>    Respondent. ) | |

## OPINION AND ORDER

Bryant Love continues to challenge his 15-year prison sentence for three drug crimes and being a felon in possession of a firearm. Love's motion to vacate, set aside or correct sentence under 28 U.S.C. §2255 is pending, with Love's final memorandum due in the next month. Love has filed a motion asking that he be released from custody pending my ruling on his §2255 motion, for two reasons. First, Love argues that by his §2255 arguments he shows that he is "actually innocent" of the mandatory minimum 15-year sentence under the Armed Career Criminal Act. [DE 218 at 2.] Second, Love reports sad family circumstances involving the care and custody of his son, whose mother has reportedly been abusive. [DE 218.]

Love's motion cites no legal authority providing standards for a defendant's release from custody pending a §2255 decision. The Seventh Circuit has recognized that district courts "have inherent power to admit applicants to bail pending the decision" on a motion under §2255, but counsels that the authority must be "exercised very sparingly." *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985).

> The reasons for parsimonious exercise of the power should be obvious. A defendant whose conviction has been affirmed on appeal…is unlikely to have been convicted unjustly; hence the case for bail pending resolution of his postconviction proceeding is even weaker than the case for bail pending appeal. And the interest in the finality of criminal proceedings is poorly served by deferring execution of sentence till long after the defendant has been convicted.

*Id*. *See also Kramer v. Jenkins*, 800 F.2d 708, 709 (7th Cir. 1986).

Bail pending appeal requires "clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released," and a demonstration that the appeal "raises a substantial question of law or fact likely to result" in one or four types of specified victories for the defendant. 18 U.S.C. §3143(b). The standards for release pending a §2255 decision are at least that demanding, and Love makes no such showings. Love's case has twice been appealed to the Seventh Circuit Court of Appeals, and his sentence has been affirmed. Love has considerable time remaining on his sentence. The Bureau of Prisons projects Love's release date as January 30, 2029. *See* https://www.bop.gov/mobile/find_inmate/-byname.jsp#inmate_results. I am not persuaded that there is a strong likelihood that Love's latest effort will result in his release now, and he has offered no arguments as to his likelihood of flight or his danger to the community.

In light of Love's reference to his family situation as presenting "exceptional circumstances," he may be invoking the so-called "compassionate release" provisions of 18 U.S.C. §3582(c)(1)(A). Love's motion does not satisfy the standards applicable to a motion for compassionate release, which in addition to "extraordinary and compelling

2

reasons" require administrative exhaustion with the warden of his prison and an analysis of the sentencing factors provided in 18 U.S.C. §3553(a). Love's motion in its present form cannot be granted under §3582(c)(1)(A) either.

ACCORDINGLY:

Bryant Love's Motion for Release Pending Ruling [DE 218] is DENIED.

The Clerk shall provide a copy of this Opinion and Order to Bryan Love at his institutional address of record.

**SO ORDERED**.

ENTERED: August 8, 2023.

                                          /s/ Philip P. Simon
                                          PHILIP P. SIMON, JUDGE
                                          UNITED STATES DISTRICT COURT