UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BRYANT LOVE, ) | |
| ) | |
| Movant, ) | |
| ) | NO. 2:17CR2-PPS |
| v. ) | (Associated Civil No. 2:23CV149-PPS) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

After two sentencings and two trips to the Court of Appeals, Bryant Love is before me with a motion to vacate, set aside or correct sentence under 28 U.S.C. §2255. The Seventh Circuit has observed that the statute sets a high bar: "Relief under §2255 is available 'only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice.'" *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014) (quoting *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013)). Love fails to demonstrate any error in the proceedings that would necessitate vacating his conviction or sentence.

**Procedural History**

To recap the lengthy proceedings, I borrow from the Seventh Circuit's most recent opinion, *United States v. Love*, No. 22-2035, 2023 WL 2546507, at **1-2 (7th Cir. March 17, 2023) ("*Love II*"):

> In 2019, Love pleaded guilty to three counts of possession and distribution of cocaine, 21 U.S.C. §841(a)(1), and one count of unlawful

possession of a firearm while a felon, 18 U.S.C. §922(g)(1). At Love's first sentencing hearing, the government argued that the district court should apply [the Armed Career Criminal Act's] 15-year mandatory minimum sentence, *see id*. §924(e), because Love had three prior convictions for a "violent felony." They were: (1) a 1994 Illinois conviction for armed robbery; (2) a 2009 federal conviction for distribution of crack cocaine; and (3) a 2015 Indiana conviction for battery of a law enforcement officer resulting in bodily injury.

For his part, Love argued that his 1994 Illinois conviction did not qualify under ACCA because Illinois had sent him a restoration of rights letter, leading him to believe that the conviction had no legal effect. He also argued that his 2015 Indiana conviction was not a "violent felony" for various reasons. The district court rejected Love's first argument but agreed with the latter. Accordingly, it concluded that ACCA's 15-year mandatory minimum did not apply and imposed a custodial sentence of 96 months.

Both Love and the government appealed. The government reiterated that Love qualified as a career offender under ACCA. Love repeated the arguments he made to the district court. We agreed with the government, concluding that each of Love's three prior offenses qualified as an ACCA "violent felony" offense. *United States v. Love*, 7 F.4th 674 (7th Cir. 2021), *cert. denied*, 143 S.Ct. 159 (2022) ("*Love I*"). We therefore remanded the case for resentencing under ACCA. *Id*.

Love then petitioned this court for rehearing *en banc*, arguing, for the first time, that his 1994 Illinois armed robbery conviction did not qualify as a "violent felony" under *Borden v. United States*, 141 S.Ct. 1817 (2021). In *Borden*, which was issued after oral arguments in *Love I* but before the appeal was decided, the Supreme Court held that, to be a "violent felony" under ACCA, the use of physical force against the person of another requires "purposeful or knowing conduct." 141 S.Ct. at 1828. Love contended that his 1994 Illinois armed robbery conviction did not meet this definition because the Illinois statute prohibited both the intentional *and reckless* use of force. We denied the rehearing petition. *See Love I*, 7 F.4th 674, *reh'g en banc denied*, Oct. 4, 2021.

On remand, Love presented this new argument to the district court, but the court ruled that it was bound to apply ACCA's 15-year mandatory minimum due to the constraints of the remand. The district court also concluded that, in any event, Love's 1994 Illinois armed robbery

2

conviction was a "violent felony" under circuit law. Therefore, the district court imposed a custodial sentence of 15 years, and Love filed the instant appeal.

[DE 208-1 at 2-3.]

In *Love II*, the Seventh Circuit affirmed the new 15-year sentence, finding that Love had forfeited his argument that the 1994 Illinois armed robbery conviction does not qualify as a "violent felony" after the Supreme Court's decision in *Borden*, "because Love did not raise this argument in either the district court or his first appeal (until his petition for rehearing *en banc*)." [DE 208-1 at 2.] The Seventh Circuit also concluded that I had not committed plain error by treating the offense as a predicate for ACCA purposes. [*Id.*]

## Discussion

Love's "Motion to Amend and Supplement" [DE 227] together with his later-filed "Memorandum in Support of 28 U.S.C. §2255 Motion" [DE 230] are construed as presenting his grounds for relief. In Ground One of his motion, Love contends that, under *Borden*, his 1994 Illinois armed robbery conviction is not categorically a crime of violence and the ACCA was wrongly applied to Love's sentencing. I sentenced Love the first time on June 15, 2020. [DE 151.] *Borden* was decided on June 10, 2021, before the Seventh Circuit's mandate on October 19, 2021 remanded the case for resentencing. [DE 175.] Love observes that neither this court nor the Court of Appeals has addressed the merits of his *Borden* argument. [DE 227 at 5; DE 230 at 1-2.]

3

Under what is called the "elements clause" of §924(e)(2)(B)(i), a "violent felony" for ACCA purposes includes "any crime punishable by imprisonment for a term exceeding one year....that...has as an element the use, attempted use, or threatened use of physical force against the person of another." In *Borden*, the Supreme Court "held that, under the categorical approach, an offense does not involve the 'use of physical force against the person of another' if the offense can be committed with a *mens rea* of recklessness." *United States v. Brown*, 74 F.4th 527, 529 (7th Cir. 2023), quoting *Borden*, 141 S.Ct. at 1825 (plurality opinion).

Love argues that the 1994 Illinois statute defining armed robbery (720 ILCS 4/18-2 (1993)) included the lesser offense of robbery (720 ILCS 5/18-1 (1993)) and "criminalized reckless conduct, specifically, the reckless 'use of force.'" [DE 230 at 5.] Love reasons that because the robbery statute contained no explicit *mens rea* for the element of force, then, pursuant to a gap-filling Illinois provision, "any mental state defined in Section 4-4, 4-5, or 4-6 is applicable." 720 ILCS 5/4-3 (1993). Since the subsections referred to define (in order) the mental states of intent, knowledge and recklessness, then recklessness, Love argues, is one alternative for commission of robbery and armed robbery, which makes his prior conviction ineligible as a precursor ACCA offense. [DE 230 at 5.]

The government argues that Love's invocation of *Borden* is barred by the law of the case, suggesting that the Court of Appeals' most recent decision finding no clear error in the second sentencing constituted a determination of the issue on the merits.

4

[DE 232 at 6.] The government has also offered a merits analysis of the *Borden* argument, and rather than another round of procedural rejection, I think it best to finally tackle Love's argument on the merits. I will resolve Ground One on that basis, as I am persuaded that it provides no relief for Love.

Determining whether a prior offense constitutes a predicate violent felony under the ACCA involves a categorical analysis, considering "whether the elements of the prior felony required the prosecution to prove defendant used, attempted to use, or threatened to use physical force against the person of another." *Portee v. United* States, 941 F.3d 263, 266 (7th Cir. 2019), quoted in *Love I*, 7 F.4th at 678. The Illinois statute under which Love was convicted of armed robbery in 1993 applied to a robbery committed while the defendant "carries on or about his or her person, or is otherwise armed with a dangerous weapon." 720 ILCS 5/18-2 (1993). Robbery was defined in 720 ILCS 5/18-1 (1993): "A person commits robbery when he or she takes property...from the person or presence of another by the use of force or by threatening the imminent use of force."

Illinois pattern jury instructions can be considered to identify what the prosecution was required to prove to establish an armed robbery. *United States v. D.D.B.*, 903 F.3d 684, 692 (7th Cir. 2018). Under Illinois Pattern Jury Instruction 14.06:

> To sustain the charge of armed robbery, the State must prove the following propositions:
> *First Proposition*: That the defendant knowingly took property from the person or presence of (the victim); and
> *Second Proposition*: That the defendant did so by the use of force or by threatening the imminent use of force; and

5

>  *Third Proposition*: That the defendant carried on or about his person, or was otherwise armed with[(a dangerous weapon other than a firearm)(a firearm)] at the time of the taking.

*See* https://ilcourtsaudio.blob.core.windows.net/antilles-resources/resources/-e4e7217e-9ba1-4e3e-acd3-325a6d871703/CRIM%2014.00.pdf. The "use" of force to cause the relinquishment of property is required to commit armed robbery, and such an employment of force requires intent or knowledge at a level greater than mere recklessness.

Consideration of the statute by the courts of Illinois bolsters this conclusion. In *People v. Blake*, 579 N.E.2d 861, 864 (Ill. 1991), the Illinois Supreme Court rejected a challenge to an armed robbery conviction on the ground that the prosecution had "failed to establish that the property was taken by the use of force or the threat of force." The Supreme Court noted that the evidence supported a relationship between the "use and threat of force and the defendant's removal of the property," referring to this as "the necessary concurrence of events to constitute armed robbery." *Id*. at 865, citing *People v. Williams*, 515 N.E.2d 1230 (Ill. 1987). "[T]he offense of armed robbery was complete when the defendant...*used force* or the threat of force *to cause* the victims to part with possession or custody of the property against their will." *Blake*, 579 N.E.2d at 865 (emphasis added).

*Williams* repeated the Illinois Supreme Court's previous observation about the causal relationship required between the force and the taking: "this court had held that the necessary force or threat of force must be *used as a means* of taking the property from

6

the victim." *Williams*, 515 N.E.2d at 1235 (emphasis added). Using force as a means to end requires purpose, and cannot be accomplished recklessly. In *People v. Tiller*, 447 N.E.2d 174, 181 (Ill. 1982), the Illinois Supreme court reversed an armed robbery conviction where there was "no evidence to show that the force exerted against [the victim] was *for the purpose* of depriving her" of the property taken. (Emphasis added.) "The difference between theft from the person and robbery lies in the force or intimidation *used by the perpetrator to accomplish his goal* of taking property from a person." *People v. Taylor*, 541 N.E.2d 677, 679 (Ill. 1989) (emphasis added).

Armed robbery involves a "taking from the person or presence" when "the robber uses violence or fear of violence as the means to take it." *People v. Dennis*, 692 N.E.2d 325, 333 (Ill. 1998). "In sum, it has long been emphasized that the gist of the offense of robbery is the force or fear of violence *directed at the victim in order to deprive him* of his property." *Id*. at 334 (emphasis added). These authorities underscore the intentionality required to commit robbery under Illinois law, and are incompatible with Love's contention that the offense can be committed with the reckless use or threat of force.

The elements clause refers to "the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. §924(e)(2)(B)(i). The plurality in *Borden* reasoned that the word "against" in this definition signifies "a kind of directedness or targeting" that results for "purposeful and knowing acts" but not from "reckless conduct." *Borden*, 141 S.Ct. at 1826. Robbery under Illinois law, as

7

consistently interpreted by its Supreme Court, requires a targeted use of violence for the purpose of taking property from the victim.

Last year in *Brown*, the Seventh Circuit rejected a *Borden*-based challenge to the classification of an Illinois aggravated carjacking offense as a "crime of violence" for purposes of the career-offender sentencing enhancement under a provision of the U.S. Sentencing Guidelines analogous to the elements clause of the ACCA. Like Love here, Brown argued that the Illinois carjacking statute, which at the time of his conviction did not contain an express *mens rea* requirement, could be violated by a reckless use of force. *Brown*, 74 F.4th at 530. The Seventh Circuit disagreed, reasoning that the statute, "even before it was amended to add an express *mens rea* of 'knowingly,' included as an implied element the knowing or purposeful use or threat of force – namely, the use or threat of force aimed at taking control or possession of a motor vehicle." *Id*.

Interpreting the same language as used in the Illinois robbery statute, *Brown* finds that the statute's proscription of "'taking *by* the use or threat of force'...strongly suggests that force or intimidation must be aimed or directed at the taking of the motor vehicle." *Id*. at 531 (emphasis in original). *Brown* considers the public policy rationale for defining a new carjacking offense distinct from robbery of a motor vehicle, but observes that the language of the carjacking statute "tracks closely the language of the robbery statute." *Id*. Although *Brown* expressly notes that its analysis is limited to Illinois' carjacking statute (*id*. at 531, n.4), I similarly conclude with respect to the Illinois robbery statute that "[i]mplicit in the conduct proscribed by the statute is a mental state

8

of at least knowing or purposeful action" that meets the parameters of the ACCA's elements clause. *Id*. at 532.

Adopting the Seventh Circuit's *Brown* reasoning, I also reject Love's contention that the catch-all provision of 720 ILCS 5/4-3(b) *requires* that a minimum *mens rea* of recklessness must be read into the robbery statute. *Brown*, 74 F.4th at 533. Instead, "[i]t is more likely that §4-3(b) simply serves as a constitutional savings clause," to prevent any Illinois statute from being read to criminalize behavior resulting from mere negligence, ignorance or mistake. *Id*. For all these reasons, I reject Love's claim that his sentence as an Armed Career Criminal was erroneous in light of *Borden*.

Assuming the correctness of his argument in Ground One, Love argues in Ground Two that the sentence imposed exceeded the statutory maximum of 10 years for a §922(g) offense, and was "a fundamental defect resulting in a miscarriage of justice." [DE 227 at 6.] Because I reject Love's *Borden* argument, I find Ground Two also to be without merit because Love fails to demonstrate that it was error to apply the ACCA sentencing enhancement to increase his prison term beyond the §922(g) maximum.

The Sixth Amendment to the United States Constitution guarantees a criminal defendant a right to the effective assistance of counsel for his defense. *Burkhart v. United States*, 27 F.4th 1289, 1295 (7th Cir. 2022). In order to obtain relief for a violation of this right, Love must demonstrate that counsel's performance "fell below an objective standard of reasonableness" and that "but for counsel's unprofessional errors the result

9

of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). In Ground Three, Love argues that his counsel rendered ineffective assistance of counsel at the sentencing stage by failing to adequately research the 1994 Illinois Robbery conviction to determine the offense could be accomplished with reckless conduct and then argue the offense did not qualify as an ACCA predicate. [DE 227 at 8.] Relatedly, in Ground Four, Love contends that counsel's untimely failure to raise the *Borden* argument until the petition for rehearing in the Court of Appeals was prejudicial. [DE 227 at 9.] Because I conclude that *Borden* does not carry the day for Love, I reject both of these ineffective assistance claims because Love fails to demonstrate either the deficient performance or the prejudice required under *Strickland*.

Switching gears to his 2009 federal conviction for distribution of cocaine base, Love argues in Ground Five that his counsel failed to preserve the argument that the drug conviction was not a qualifying controlled substance offense under the ACCA. [DE 227 at 14.] What is the argument? Love doesn't articulate the rationale, instead merely contending that counsel didn't preserve this type of argument. [DE 230 at 3.] Love does not attempt to demonstrate why this was deficient performance or prejudicial. Nor could he. One type of "serious drug offense" that qualifies as an ACCA predicate is "an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.)...for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. §924(e)(2)(A)(i). In 2009, Love pleaded guilty in this court to a charge of distribution of crack cocaine in violation of 21 U.S.C. §841(a)(1), for which the maximum

possible penalty was 20 years in prison. Case No. 2:06CR237, DE 82 at ¶7(a) and (b). As the government points out, counsel is not ineffective for failing to raise a meritless claim. *United States v. Jackson*, 833 Fed.Appx. 23, at *25 (7th Cir. 2021). Ground Five establishes no ineffective assistance of counsel.

By his Ground Six, Love "wishes to preserve the issue of prior felonies which are later vacated allowing him to then apply for re-opening of any federal sentence enhanced by the prior conviction." [DE 227 at 14.] Section 2255(a) authorizes a federal court to grant relief where a federal prisoner's sentence "was imposed in violation of the Constitution or laws of the United States, or [if] the court was without jurisdiction to impose such sentence, or [if] the sentence was in excess of the maximum authorized by law." Love's attempt at a prospective reservation of rights is not a claim cognizable under §2255.

## Conclusion

Relief under §2255 "is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). Love has failed to demonstrate a right to relief under §2255, and his motion to vacate will be denied. Because I find that Love has not made a substantial showing of the denial of a constitutional right, and that reasonable jurists could not debate the reasoning for rejecting his motion under §2255, I will also deny a certificate of appealability. 28 U.S.C. §2253(c)(2); *Welch v. United States*, 136 S.Ct. 1257, 1263 (2016). If

11

Love wishes to appeal this Opinion and Order denying his §2255 motion, he must seek a certificate of appealability from the Court of Appeals under Federal Rule of Appellate Procedure 22.

ACCORDINGLY:

Defendant Bryant Love's Amended Motion to Vacate pursuant to 28 U.S.C. §2255 [DE 227] is DENIED, and a certificate of appealability is also DENIED.

Love's motion for an evidentiary hearing [DE 236] is DENIED.

The Clerk shall enter judgment against Love and in favor of the United States.

SO ORDERED this 15th day of April, 2024.

  /s/ Philip P. Simon
UNITED STATES DISTRICT JUDGE