UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BRYANT LOVE, )<br>)<br>Defendant. ) | Cause No. 2:17-cr-2 |

**OPINION AND ORDER**

Bryant Love, pro se, filed a motion to alter or amend the judgment under Federal Rule of Civil Procedure Rule 59(e). [DE 240.] Specifically, he asks that I reconsider my order denying his Section 2255 petition or, in the alternative grant him a certificate of appealability. [DE 246 at 3.] For the reasons articulated below, the motion is denied.

**Procedural History**

I'll quote from the Seventh Circuit's most recent opinion, *United States v. Love*, No. 22-2035, 2023 WL 2546507, at **1-2 (7th Cir. March 17, 2023) (*"Love II"*), in recapping the lengthy proceedings in this case:

> In 2019, Love pleaded guilty to three counts of possession and distribution of cocaine, 21 U.S.C. §841(a)(1), and one count of unlawful possession of a firearm while a felon, 18 U.S.C. §922(g)(1). At Love's first sentencing hearing, the government argued that the district court should apply [the Armed Career Criminal Act's] 15-year mandatory minimum sentence, *see id*. §924(e), because Love had three prior convictions for a "violent felony." They were: (1) a 1994 Illinois conviction for armed robbery; (2) a 2009 federal conviction for distribution of crack cocaine; and (3) a 2015 Indiana conviction for battery of a law enforcement officer resulting in bodily injury.
>
> For his part, Love argued that his 1994 Illinois conviction did not

> qualify under ACCA because Illinois had sent him a restoration of rights letter, leading him to believe that the conviction had no legal effect. He also argued that his 2015 Indiana conviction was not a "violent felony" for various reasons. The district court rejected Love's first argument but agreed with the latter. Accordingly, it concluded that ACCA's 15-year mandatory minimum did not apply and imposed a custodial sentence of 96 months.
>
> Both Love and the government appealed. The government reiterated that Love qualified as a career offender under ACCA. Love repeated the arguments he made to the district court. We agreed with the government, concluding that each of Love's three prior offenses qualified as an ACCA "violent felony" offense. *United States v. Love*, 7 F.4th 674 (7th Cir. 2021), *cert. denied*, 143 S.Ct. 159 (2022) ("*Love I*"). We therefore remanded the case for resentencing under ACCA. *Id*.
>
> Love then petitioned this court for rehearing *en banc*, arguing, for the first time, that his 1994 Illinois armed robbery conviction did not qualify as a "violent felony" under *Borden v. United States*, 141 S.Ct. 1817 (2021). In *Borden*, which was issued after oral arguments in *Love I* but before the appeal was decided, the Supreme Court held that, to be a "violent felony" under ACCA, the use of physical force against the person of another requires "purposeful or knowing conduct." 141 S.Ct. at 1828. Love contended that his 1994 Illinois armed robbery conviction did not meet this definition because the Illinois statute prohibited both the intentional *and reckless* use of force. We denied the rehearing petition. *See Love I*, 7 F.4th 674, *reh'g en banc denied*, Oct. 4, 2021.
>
> On remand, Love presented this new argument to the district court, but the court ruled that it was bound to apply ACCA's 15-year mandatory minimum due to the constraints of the remand. The district court also concluded that, in any event, Love's 1994 Illinois armed robbery conviction was a "violent felony" under circuit law. Therefore, the district court imposed a custodial sentence of 15 years, and Love filed the instant appeal.

[DE 208-1 at 2-3.]

In *Love II*, the Seventh Circuit affirmed the new 15-year sentence, finding that Love had forfeited his argument that the 1994 Illinois armed robbery conviction does

2

not qualify as a "violent felony" after the Supreme Court's decision in *Borden*, "because Love did not raise this argument in either the district court or his first appeal (until his petition for rehearing *en banc*)." [DE 208-1 at 2.] The Seventh Circuit also concluded that I had not committed plain error by treating the offense as a predicate for ACCA purposes. [*Id.*]

Love then filed a motion under 28 U.S.C. § 2255, arguing that under *Borden*, his 1994 Illinois armed robbery conviction was not categorically a crime of violence and the ACCA was wrongfully applied to Love's sentencing. [DE 230.] However, I rejected Love's argument that Illinois robbery can be accomplished with a recklessness mens rea and therefore was not an Armed Career Criminal predicate. [DE 230 at 4-7; DE 237 at 5-9.] In a lengthy order, I determined that Illinois robbery requires at least a knowing use of force "greater than mere recklessness" and therefore qualifies under the Armed Career Criminal Act. [DE 237 at 7-9.] I also declined to grant a certificate of appealability. [*Id.* at 11-12.]

Less than one month later, Love filed the instant Motion to Amend the Judgment and to reconsider, arguing I was wrong in my categorical analysis because I should have looked at the elements of robbery (instead of armed robbery) and found those elements did not require anything more than mere recklessness. [DE 241 at 1-3.] Love also argued in his initial brief that the Court should have let him stay and abey the section 2255 proceedings because he claims to have petitioned the state courts to vacate his state convictions. [*Id.* at 2-3.]

3

## Discussion

A motion to reconsider can be brought in a criminal case to "bring the court's attention to newly discovered evidence or to a manifest error of law or fact." *United States v. Akard*, No. 2:07-CR-074-PPS-APR, 2023 WL 5844336, at *1 (N.D. Ind. Sept. 8, 2023). To establish a manifest error, the movant must show a "'wholesale disregard, misapplication, or failure to recognize controlling precedent' in the court's underlying order – not merely the 'disappointment of the losing party." *Id.* (quotation omitted). Love hasn't come close to this exacting standard.

First, Love's motion to reconsider the qualification of his Illinois robbery conviction rehashes the same arguments he advanced before, and relies on the same statutes and case law too. I already considered these authorities and arguments and determined that Illinois robbery required the knowing or intentional use of force. While Love mentions *Mathis v. United States*, 579 U.S. 500 (2016), in his reply memorandum [DE 246 at 1-2], that case pre-dates *Borden* and simply "led to other cases clarifying when and how the categorical approach applied to enhance sentences in other circumstances." *Miller v. Williams*, No. 23-cv-296-JPG, 2023 WL 3838408, at *2 (S.D. Ill. June 6, 2023). Love hasn't pointed to any controlling authority not previously cited or considered by this Court that compels a different approach.

However, the Government does cite recent controlling authority. In *United States v. Smith*, __ F.3d __, 2024 WL 3506195 (7th Cir. July 23, 2024), the Seventh Circuit reaffirmed its precedent that Illinois robbery requires as an element the use, attempted

4

use, or threatened use of physical force against another and therefore categorically qualifies under the elements clause. The *Smith* Court also addressed and rejected the same argument that Love makes, that the catch-all provision of 720 ILCS § 5/4-3(b) dictates that Illinois robbery does not have the requisite mens rea to qualify as a crime of violence (or, in other words, that it requires a minimum mens rea of recklessness must be read into the robbery statute). *Id.* at *5. Smith also argued the catch-all provision "compels the conclusion that recklessness is enough to sustain a robbery conviction." *Id.* at *5. The *Smith* court cited, as authority, *United States v. Brown*, 74 F.4th 527, 533 (7th Cir. 2023), which stated they "were unable to read Section 4-3(b) to mean that the mere absence of an express mens rea element inevitably leads to the conclusion that an offense may be committed recklessly." *Id.* Instead, "[r]ather than a silver bullet vanquishing all enhancements based on Illinois crimes without mens reas, Section 4-3(b) is a 'constitutional savings clause,' which prevents convictions based on negligence, ignorance, or mistake.'" *Id.*

Because Love was convicted under an Illinois armed robbery statute, which requires the use of force to cause the relinquishment of property, this employment of force requires intent or knowledge at a level greater than mere recklessness. Contrary to Love's argument that this Court misapplied the categorical approach's divisibility analysis, my analysis didn't turn on whether Love's conviction was for armed – as opposed to unarmed – robbery since both require the use of force. [DE 237 at 7-8 ("Robbery under Illinois law . . . requires a targeted use of violence for the purpose of

5

taking property from the victim.").] In any event, Love was convicted of armed robbery, and therefore I properly looked at those elements.

Finally, in his initial motion, Love argued the court should have stayed and abeyed its ruling while he collaterally attacked his prior state convictions. [DE 241 at 2.] However, in his reply, Love withdraws his argument seeking a stay and abeyance. [DE 246 at 2.] Even if I were to entertain this argument, Love never requested this Court stay and abey its ruling while he collaterally attacked his prior state convictions. Love has never argued or provided "good cause" to stay the proceedings, let alone any indication "that a state court decision to vacate his predicate conviction was eminent and that his attorney and the prosecutor had agreed to vacate his conviction and plead down his initial charge." *Purvis v. United States*, 662 F.3d 939, 945 (7th Cir. 2011). And he has not pointed to any "newly discovered evidence" that he has vacated his convictions or is otherwise entitled to relief. *Akard*, 2023 WL 5844336, at *1. As such, his argument for abeyance would fail.

## Conclusion

For the aforementioned reasons, Love's Motion to Alter or Amend Judgment Under Federal Rules of Civil Procedure 59(e) [DE 240] is DENIED.

ENTERED: August 12, 2024.

       /s/   Philip P. Simon
       PHILIP P. SIMON, JUDGE
       UNITED STATES DISTRICT COURT